UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-30016 |
| | ) | |
| JACKLYN STILL, a/k/a JACKLYN GEBHARDT, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSC0UGH, U.S. District Judge:

This cause is before the Court on the Joint Motion for Interlocutory Sale of Property (d/e 55) filed by the United States of America, and Claimants Citizens Equity First Credit Union (CEFCU) and Jeffrey Still, and Defendant, Jacklyn Still, a/k/a Jacklyn Gebhardt.  This Court being fully advised finds as follows:

(A)  On March 29, 2011, an Information was filed in this Court charging Defendant Jacklyn Still with one count of mail fraud and one

count of conducting an unlawful money transaction. The Information also sought the forfeiture of certain assets which were gained from the proceeds of the offenses charged. One such asset is legally described as:

> One parcel of real estate, together with all buildings, appurtenances, improvements, fixtures, attachments and easements thereon, and all rights appertaining thereto, located at 101 Adele Court, Jacksonville, Illinois, and legally described as:
>
> Lot Forty-Six (46) in Sandy Creek Farms, Plat No. 1, a subdivision located in a part of the Northeast Quarter (NE 1/4 ) of Section Twenty (20) in Township Fourteen (14) North and Range Ten (10) West of the Third Principal Meridian, according to the recorded plat thereof, situated in the County of Morgan, State of Illinois; (Parcel #13-20-201-046).[1]

(B) Defendant entered into a plea agreement in which Defendant pleaded guilty to both charges in the Information. Additionally, Defendant agreed to the entry of a money judgment against her and in favor of the United States in the amount of at least $1,000,000 and to the forfeiture of substitute assets.

(C) The Court entered a Preliminary Order of Forfeiture on April 28, 2011 forfeiting Defendant's interest in several properties, including

---

[1] For purposes of this Opinion, the property described in Paragraph (A) may hereinafter be referred to as the "Adele Court Property."

the Adele Court Property. The Government commenced the required ancillary proceeding to adjudicate any third party claims to the properties. Two parties, Jeffrey Still and CEFCU, filed petitions asserting claims to the Adele Court Property.

(D) CEFCU, Jeffrey Still, Defendant, and the Government (the Parties) have now filed the Joint Motion requesting that the Court enter an Order authorizing the immediate interlocutory sale, pursuant to the terms set forth in the Joint Motion, of the Adele Court Property. The Joint Motion states that the Government:

    1. Recognizes CEFCU's mortgage interest in the Adele Court Property; and

    2. Will be conducting discovery to determine the credibility of the ownership interest of Jeffrey Still.

(E) The Joint Motion also indicates the Parties have agreed to a sale of the Adele Court Property prior to the entry of a Final Order of Forfeiture in order to preserve the equity in the property. The Parties further agree that the Adele Court Property will be sold by the United States Marshals Service (USMS) pursuant to the following terms:

1. The USMS will sell the property in the most commercially feasible manner.

2. The USMS may, in its sole discretion, reject any offer to purchase the property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

3. The purchase price of the property will be a cash price.

4. The net proceeds of the sale of the property will be deposited in the Department of Justice Seized Asset Deposit Fund and substituted as the property in this action pending a final judgment in this case.

5. The net proceeds from the sale of the property will include all money realized from the sale of the properties, less the following:

    a. Real estate commissions, if any;

    b. Pursuant to a mortgage lien dated October 16, 2009, the amounts due to CEFCU under the terms of the promissory note and mortgage to the date of payment;

    c. Real estate property taxes which are due and owing;

d.  Insurance costs, if any;

e.  All costs incurred by the USMS in connection with the maintenance, repair, marketing and sale of the property;

f.  Escrow fees;

g.  Document recording fees not paid by the buyer;

h.  Title fees; and

i.  County transfer taxes.

(F) The Joint Motion also indicates that the Parties have agreed to the following additional terms:

1.  The parties agree that the USMS will maintain custody, control, and responsibility for the property until the interlocutory sale has been completed.

2.  In furtherance of the sale of the property, the Parties agree to execute promptly any documents which may be required to complete the sale of the property.

3.  Upon completion of discovery in this matter, this Court will determine the interest, if any, of Jeffrey Still in the Adele Court Property.  Distribution of the proceeds from the sale of the

property after the above enumerated expenses will be paid in accordance with this Court's ruling.

4. Excepting for costs agreed to under the terms of the note and mortgage, each party agrees to bear its own costs and attorney fees.

5. If a reasonable probability exists that, from the proceeds of the sale the Adele Court Property, CEFCU may not receive the full amount due and owing under the terms of the note and mortgage, such sale shall be subject to the prior written approval of CEFCU.

6. Should the sale of the property extend beyond four months from the entry of an order of this Court directing its sale by the Government through the USMS, the Government shall confer with CEFCU concerning such sale.

(G) For the reasons stated in the Parties' Joint Motion, it is appropriate for the Court to enter an order stating that the Adele Court Property be sold by the USMS, and that the proceeds from the sale of the property, after payment of certain costs described above, be deposited in the Department of Justice Seized Asset Deposit Fund and substituted

as the property in this action pending a final judgment in this case

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For the reasons stated therein, the Parties' Joint Motion for Interlocutory Sale of Property (d/e 55) is GRANTED.

2. The Adele Court Property, described as follows:

One parcel of real estate, together with all buildings, appurtenances, improvements, fixtures, attachments and easements thereon, and all rights appertaining thereto, located at 101 Adele Court, Jacksonville, Illinois, and legally described as:

> Lot Forty-six (46) in Sandy Creek Farms, Plat No. 1, a subdivision located in a part of the Northeast Quarter (NE 1/4 ) of Section Twenty (20) in Township Fourteen (14) North and Range Ten (10) West of the Third Principal Meridian, according to the recorded plat thereof, situated in the County of Morgan, State of Illinois; (Parcel #13-20-201-046)

will be sold pursuant to the terms agreed to by the Parties as set forth in the Joint Motion for Interlocutory Sale of Property and described above.

3. The net proceeds of the sale of the property due the United States of America will be substituted for the afore-described property and

held by the USMS pending a Final Order of Forfeiture in this action.

ENTER: September 1, 2011

    FOR THE COURT:

                              s/ Sue E. Myerscough
                            SUE E. MYERSCOUGH
                  UNITED STATES DISTRICT JUDGE